UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHEEM MAURICE HAYES,

    Plaintiff,

v.

SGT. WILKENS, et al.,

    Defendants.

Civ. No. 18-12006 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Raheem Maurice Hayes, is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted Mr. Hayes' application to proceed *in forma pauperis*.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purpose of this screening Opinion. Mr. Hayes names four defendants in his complaint; they are: (1) Sgt. Wilkens; (2) John Doe; (3) John Doe; and (4) George Robinson.

The allegations of the complaint relate to when Mr. Hayes was incarcerated at the Northern State Prison. Mr. Hayes alleges that a John Doe correctional officer approached him

and told Mr. Hayes to take a yellow thread out of his dreadlocks. This John Doe officer then told Mr. Hayes he was going to cut it out. Mr. Hayes responded that it was locked into his hair. This first John Doe officer asked another John Doe officer for scissors. Mr. Hayes told the John Doe officers it was in his hair because of his Oshun religion. Sergeant Wilkens was then called. Wilkens asked Mr. Hayes why he had a yellow thread locked into his hair. Mr. Hayes told Wilkens that it was because of his Yoruba religion.

Wilkens instructed the John Doe officers to cut off Mr. Hayes' dreadlocks. Three of Mr. Hayes' dreadlocks were then cut off.

Mr. Hayes sues alleging that his First and Eighth Amendment rights were violated as a result of this incident. He seeks injunctive and monetary relief against the defendants.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x

230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

3

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. George Robinson

Aside from the caption, the complaint is silent as to George Robinson, who is the administrator of the Northern State Prison. No personal involvement of George Robinson is alleged, and indeed the complaint makes no factual allegations at all regarding Robinson. As this Court has noted,

> a § 1983 plaintiff cannot rely solely on a *respondeat superior* theory. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*"). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).
>
> With respect to supervisors, the United States Court of Appeals for the Third Circuit has
>
>> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or,

4

> as the persons in charge, had knowledge of and
> acquiesced in their subordinates' violations."
> *Santiago v. Warminster Twp.*, 629 F.3d 121, 129
> n.5 (3d Cir. 2010) (quotation and alteration marks
> omitted).
>
> *Parkell v. Danberg*, No. 14-1667, 2016 WL 4375620, at *9 (3d
> Cir. Aug. 17, 2016); *see also A.M. ex rel. J.M.K. v. Luzerne Cnty.
> Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

*Davis v. Yates*, No. 15-6943, 2016 WL 5508809, at *7 (D.N.J. Sept. 27, 2016).

In this case, Mr. Hayes does not allege any type of policy, practice or custom as it relates to Robinson's purported liability as a supervisor. Furthermore, he fails to allege any knowledge by Robinson of the actions taken by Sergeant Wilkens and/or the John Does. Thus, Mr. Hayes fails to state a claim against Robinson for monetary damages.

It is worth noting, however, that Mr. Hayes also seeks injunctive relief in his complaint. For such a claim, the legal standard is different. The United States Court of Appeals for the Third Circuit has explained that a lack of personal involvement does not preclude a plaintiff from obtaining prospective injunctive relief for ongoing violations. *See Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) (citing *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (per curiam); *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 70, 77 (3d Cir. 2011); *Koehl v. Dalsheim*, 85 F.3d 86, 88–89 (2d Cir. 1996). Rather, the focus is remedial; a defendant must be an appropriate person to implement injunctive relief, should it be ordered.

Mr. Hayes, however, is no longer incarcerated at Northern State Prison. This transfer moots his request for injunctive relief against not only Robinson, but against all four of the defendants he has named in his complaint. *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993) (finding prisoner's transfer or release from prison moots claims for injunctive or

declaratory relief as prisoner no longer subject to allegedly unconstitutional conditions). Accordingly, Mr. Hayes' claims against Robinson are dismissed without prejudice.

B. Eighth Amendment

Next, Mr. Hayes brings an Eighth Amendment claim against Wilkens and the two John Does for cutting his dreadlocks. To state a claim under the Eighth Amendment for cruel and unusual punishment, a plaintiff must allege both an objective and a subjective component. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), *see also Counterman v. Warren Cnty. Corr. Facility,* 176 F. App'x 234, 238 (3d Cir.2006). Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *See Hudson v. McMillan,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). As to the objective component, only those deprivations denying the "minimal civilized measure of life's necessities," which includes food, clothing, shelter, sanitation, medical care and personal safety qualify as sufficiently grave to form the basis of an Eighth Amendment violation. *See Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249 (3d Cir.2010) (citing *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). As to the subjective component, the plaintiff must show that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson,* 501 U.S. at 298–99. Thus, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Wilson v. Burks,* 423 F. App'x 169, 173 (3d Cir.2011) (per curiam) (quoting *Farmer,* 511 U.S. at 837). "'The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.'" *Wilkens v. Gaddy,* 559 U.S. 34, 37-38 (2010) (per curiam).

6

In this case, Mr. Hayes asserts that Wilkens and two John Doe officers violated his Eighth Amendment rights to be free from cruel and unusual punishment when they cut his dreadlocks. Such actions may be unconstitutional on other grounds, *see infra*, but they do not constitute cruel and unusual punishment under the Eighth Amendment. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Price v. White*, No. 13-CV-P76-R, 2013 WL 4773969, at *5 (W.D. Ky. Sept. 4, 2013) (dismissing Eighth Amendment claim for forced haircut).

Mr. Hayes asserts that the John Doe officers laughed and giggled when they cut off his three dreadlocks. That is childish and unacceptable conduct. However, verbal taunts are insufficient to violate the Eighth Amendment. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment.") (citations omitted). Accordingly, this Court will dismiss Mr. Hayes's Eighth Amendment claims against Wilkens and the two John Doe defendants without prejudice for failure to state a claim upon which relief may be granted.

C. First Amendment

Mr. Hayes also asserts that Wilkens and the two John Doe defendants violated his First Amendment free exercise of religion rights when they cut his hair. He states that they were aware that he wore dreadlocks were because of his Oshun/Yoruba religion, because he told them so at the time.

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const. amend. I. "Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.'" *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000) (en banc) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987)). Nevertheless,

7

"[t]he mere assertion of a religious belief does not automatically trigger First Amendment protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." *Id.* at 51.

There is a sufficient factual basis to permit the First Amendment claim to proceed against Wilkens and the two John Doe defendants.

## V. CONCLUSION

For the foregoing reasons, plaintiff's claims for injunctive relief against the four defendants are dismissed with prejudice. Mr. Hayes' claims for monetary damages from defendant Robinson are dismissed without prejudice for failure to state a claim upon which relief may be granted and defendant Robinson will therefore be terminated from this suit. Mr. Hayes's Eighth Amendment claim against defendants Wilkens and the two John Does is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Mr. Hayes's First Amendment free exercise claim however, will be permitted to proceed against defendants Wilkens and the two John Does. An appropriate order will be entered.

DATED: October 10, 2018

KEVIN MCNULTY
United States District Judge