UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAHEEM MAURICE HAYES,** : | Civil Action No. 18-12006 (KM) (MAH) |
| **Plaintiff,** : | |
| v. : | REPORT AND RECOMMENDATION |
| **SGT. WILKENS, et al.,** : | |
| **Defendant.** : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on its January 29, 2020 Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). D.E. 21. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

### I. BACKGROUND

On July 23, 2018, Plaintiff, a state prisoner proceeding *pro se*, submitted his Complaint brought pursuant to 42 U.S.C. § 1983 to the Court. Compl., D.E. 1. Plaintiff brought suit against George Robinson, the administrator of Northern State Prison, Sergeant Wilkins, and two John Doe Defendants, alleging that his First and Eighth Amendment rights were violated when Sergeant Wilkens ordered the John Doe Defendants to cut off certain of Plaintiff's dreadlocks that were locked with a yellow thread. *Id.*, ¶ 6. Plaintiff sought monetary damages and injunctive relief. *Id.*, ¶ 7. Plaintiff's Complaint was filed on August 29, 2018, once his in forma pauperis application was granted. D.E. 4. District Judge Kevin McNulty screened Plaintiff's

Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed all claims and requests for relief except for the First Amendment claim for monetary damages against Sergeant Wilkens and the two John Doe Defendants. Opinion, Oct. 10, 2018, D.E. 5, at 8. After Sergeant Wilkens answered the Complaint, the Undersigned directed the parties to file a joint discovery plan. *See* Letter Order, June 13, 2019, D.E. 14. Upon receipt of Plaintiff and Defendant's proposed discovery plans, *see* Letters, July 12, 2019, D.E. 15, July 15, 2019, D.E. 16, the Undersigned entered a Pretrial Scheduling Order that set forth the pertinent discovery deadlines, *see* Pretrial Scheduling Order, July 30, 2019, D.E. 17. The Undersigned ordered that all fact discovery shall be complete on or before February 15, 2020. *See id.* ¶¶ 2, 4.

The Court ordered the parties to appear for a telephone conference on October 22, 2019, at 2:30 p.m. Pretrial Scheduling Order, July 30, 2019, D.E. 17. However, neither party appeared or informed the Court in advance that they would be unable to appear. Accordingly, this Court entered an Order on October 22, 2019, directing each party to file a status letter explaining the discovery that had been completed and what discovery remained to be completed by November 10, 2019. Text Order, D.E. 18. Defendant responded to the Order, but Plaintiff did not. Response, Nov. 10, 2019, D.E. 19. Defendant indicated that he produced his Rule 26 disclosures to Plaintiff and planned to depose Plaintiff in December 2019, but that he had not yet received any discovery requests or responses from Plaintiff or been contacted by Plaintiff. *Id.*

The Undersigned entered an Order on November 13, 2019, directing Plaintiff by December 6, 2019, to submit a letter stating:

> (1) whether Plaintiff intends to proceed with this litigation; (2) whether Plaintiff intends to seek any discovery in this matter and, if so, the types of discovery that Plaintiff intends to seek (*e.g.*, interrogatories, document production demands, depositions); (3) why Plaintiff has not served any discovery on Defendants; and (4) why Plaintiff failed to either appear for the October 22, 2019 conference or comply with the October 22, 2019 Order.

Order, D.E. 20.  Plaintiff again failed to respond.  Accordingly, the Undersigned issued an Order to Show Cause directing Plaintiff to "show cause, in writing, which must be received by this Court on or before February 21, 2020, why his complaint should not be dismissed for failure to prosecute it under Fed. R. Civ. P. 41, for failure to comply with the Court's orders under Fed. R. Civ. P. 16(f), and for failure to comply with the Court's orders to provide discovery pursuant to Fed. R. Civ. P. 37."  Order to Show Cause, D.E. 21.  The Undersigned further advised Plaintiff that "failure to timely respond to this Order to Show Cause will likely result in the issuance of a Report and Recommendation that the District Court dismiss this matter."  *Id.*  Plaintiff has not communicated with the Court since he filed his July 15, 2019 proposed discovery plan.

## II.     LEGAL ANALYSIS

### A.     Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b):  (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses.  *Id.* at 868.  No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met.  *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

3

### i.      The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to comply with the Order to Show Cause issued by the Undersigned on January 29, 2020, which directed Plaintiff to show cause in writing why his Complaint should not be dismissed for failure to prosecute his case pursuant to Fed. R. Civ. P. 41. The record reflects that Plaintiff's failure to prosecute is the result of his failure to take basic action necessary to prosecute his claims, such as issuing discovery requests or responding to discovery propounded by Defendant, and to comply with Orders of this Court.  Similarly, he has failed to respond to this Court's Order to Show Cause. As a result of Plaintiff's inaction, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon the suit. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.      Prejudice to the Adversary

Prejudice is not limited to irreparable harm but may include depriving a party of necessary information or the ability to prepare for trial. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("Examples of prejudice include the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." (internal quotations omitted)).  Plaintiff has failed to meet his discovery obligations in this matter and has failed to respond this Court's Order to Show Cause.  Nor has he communicated with the Court to seek more time to comply or otherwise evinced, since July 2019, any intention to proceed with this case.  Although the Court is mindful of Plaintiff's incarceration and *pro se* status, it cannot allow this case to sit indefinitely and without any indication that Plaintiff intends to litigate it.  *See*

*Palmer v. Rustin*, No. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) ) ("The prejudice that will be suffered by Defendants by allowing this case linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). To this date, there is no indication that Plaintiff intends to respond to the Order to Show Cause, or otherwise proceed with this litigation. In short, Plaintiff's failure to comply with Court Orders or demonstrate any interest in continuing to prosecute this matter has prevented Defendant from seeing this case to its conclusion. The Court thus finds that this factor also weighs strongly in favor of dismissal.

### iii.     History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868. Since in or around July 2019, when Plaintiff submitted his discovery plan, Plaintiff has, by all appearances, abandoned prosecution of this matter. Plaintiff's conduct reflects a history of non-compliance with court orders. Nor has Plaintiff communicated with the Court in the ten months since the Court issued its January 29, 2020 Order to Show Cause. Plaintiff has made no effort to comply with his obligations in prosecuting his claims or explain to the Court and defense counsel his inability to do so. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its Orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, these factors also favor dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal for several reasons. First, Plaintiff's failure to comply with the Court's Orders, or explain his inability to do so, strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In this case, there is no plausible reason to believe that any such fine or attorney's fees would spur Plaintiff to resume actively litigating this case.

### v. Meritoriousness of the Claim or Defense

The final *Poulis* factor requires the Court to consider the merits of the parties' claims and defenses. Here, as the Court has done in other cases, the Undersigned "elect[s] not to address the sixth factor because 'the other factors . . . weigh[] heavily in favor of dismissal." *McNamara*, 2018 WL 9880301, at *3 (quoting *Macon*, 2008 WL 1882899, at *2). The Third Circuit has repeatedly held that district courts must balance the *Poulis* factors and that every factor need not weigh in favor of dismissal. *Hildebrand*, 923 F.3d at 132. Because the Undersigned has found that the majority of the *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal is the appropriate remedy.

## III. CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal

Rule of Civil Procedure 41(b). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

**DATED: November 18, 2020**